UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| MARY L. ROGERS, | ) | |
| *Plaintiff*, | ) | |
| | ) | |
| *vs.* | ) | 1:14-cv-1824-JMS-MJD |
| | ) | |
| WAL-MART ASSOCIATES, INC., *et al.*, | ) | |
| *Defendants.* | ) | |

## ORDER TO FILE AMENDED COMPLAINT

On November 7, 2014, Plaintiff Mary L. Rogers filed a Complaint against the Defendants.

[Filing No. 1.]  Ms. Rogers alleges that this Court can exercise diversity jurisdiction over her

claims, [Filing No. 1], but the Court cannot confirm this because of deficiencies in Ms. Rogers'

jurisdictional allegations.

The Court is not being hyper-technical:  Counsel has a professional obligation to analyze

subject-matter jurisdiction, *Heinen v. Northrop Grumman Corp.*, 671 F.3d 669 (7th Cir. 2012),

and a federal court always has a responsibility to ensure that it has jurisdiction, *Hukic v. Aurora*

*Loan Servs.*, 588 F.3d 420, 427 (7th Cir. 2009).

First, Ms. Rogers alleges that four of the defendants—Wal-Mart Associates, Inc., Wal-

Mart Stores East, Inc., Wal-Mart Stores, Inc., and Wal-Mart Realty Company—are Arkansas cor-

porations doing business in Indiana.  [Filing No. 1 at 2.]  But a corporation is deemed a citizen of

any state where it is incorporated <u>and</u> a citizen of the state where it has its principal place of busi-

ness.  28 U.S.C. § 1332(c)(1); *see also Smoot v. Mazda Motors of Am., Inc.*, 469 F.3d 675, 676

(7th Cir. 2006) (a corporation has two places of citizenship: where it is incorporated and where it

has its principal place of business).  Because Ms. Rogers does not allege the principal place of

business for any of these defendants, she has not properly alleged the citizenship of these defendants.

Second, Ms. Rogers alleges that Defendant Wal-Mart Stores East, L.P., "is an Arkansas corporation registered and doing business in the State of Indiana." [Filing No. 1 at 2.] Typically, "L.P." represents limited partnership, which is a type of unincorporated association. The citizenship of an unincorporated association is "the citizenship of all the limited partners, as well as of the general partner." *Hart v. Terminex Int'l*, 336 F.3d 541, 542 (7th Cir. 2003). "[T]he citizenship of unincorporated associations must be traced through however many layers of partners or members there may be." *Id.* at 543. Asserting that all partners are citizens of "X" or that no partners are citizens of "X" is insufficient. *See Peters v. Astrazeneca LP*, 224 Fed. Appx. 503, 505 (7th Cir. 2007) (noting the insufficiency of a limited partnership asserting that none of its partners were citizens destroying diversity "rather than furnishing the citizenship of all of its partners so that [the court] could determine its citizenship").

Third, Ms. Rogers alleges that Defendant Wal-Mart Real Estate Business Trust "is an Arkansas corporation registered and doing business in the State of Indiana." [Filing No. 1 at 2.] "Businesses organized as trusts don't have their own citizenship; they take the citizenship of the trustee (or citizenships, if there are multiple trustees)." *White Pearl Inversiones S.A. (Uruguay) v. Cemusa, Inc.*, 647 F.3d 684, 686 (7th Cir. 2011). Ms. Rogers has not alleged the citizenship of the trustees of this defendant; thus, her jurisdictional allegations are incomplete.

Fourth, in addition to diversity of citizenship, the amount in controversy must exceed "$75,000, exclusive of interest and costs" for the Court to exercise diversity jurisdiction. 28 U.S.C. § 1332. Ms. Rogers alleges that the amount in controversy in this action "exceeds $75,000[,]" [Filing No. 1 at 1], but omits "exclusive of interest and costs."

For these reasons, the Court **ORDERS** Ms. Rogers to conduct whatever investigation is necessary and file an Amended Complaint by **November 24, 2014**, properly setting forth a basis for this Court's jurisdiction. Defendants need not answer or otherwise respond to Ms. Rogers' initial Complaint. [Filing No. 1.]

November 12, 2014

_____
Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

**Distribution via ECF only:**

Darron S. Stewart
STEWART & STEWART
darron@getstewart.com

David W. Stewart
STEWART & STEWART
dave@getstewart.com